IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JASON DUFFY WALLACE                                                                          PLAINTIFF

vs.                                       Civil No. 1:10-cv-01029

DISCOVER BANK and SEARS
DEFENDANTS

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, Jason Duffy Wallace, filed this *pro se* action. Plaintiff seeks to proceed *in forma pauperis*. The complaint was provisionally filed prior to a determination regarding service of process. ECF No. 2.

**1. Background**

Jason Duffy Wallace, Plaintiff, has filed a *pro se* Petition to Remove a Civil Action from State Court. ECF. No. 1. On April 28, 2010 this Court ordered Plaintiff to file an amended Notice of Removable pursuant to and in compliance with 28 U.S.C. § 1446 on or before May 12th, 2010. Plaintiff was informed that his failure to do so may result in dismissal of this action. ECF No. 5. On April 30, 2010 Plaintiff filed an Amended Petition. ECF No. 6. On May 10, 2010, Plaintiff filed an Amended Notice of Removal. ECF No. 7.

**2. Discussion**

Based on a review of Plaintiff's Notice of Removal (ECF No. 1) and Plaintiff's Amended Notice of Removal (ECF No. 7), the Court recommends Plaintiff's action be dismissed for a failure

to comply with 28 U.S.C. § 1446 on removal of State court actions.

A party desiring to remove a civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon the party. *See* 28 U.S.C. § 1446(a).

Plaintiff's Notice of Removal (ECF No.1) only referenced 28 U.S.C. § 1441(a) regarding actions that are removable and then plead for the action to be removed. Also, Plaintiff's did not include copy of all process, pleadings, and orders served upon the him. He only included seven subpoenas for individuals who are not parties to this matter.

Plaintiff's Amended Notice of Removal (ECF No. 7) states the reasons for removal include: (1) the failure of the District Court of Ashley County to grant *in forma pauperis* status, (2) the failure of the Ashley County Sheriff's Office to subpoena witnesses without cost, (3) the failure of Arkansas Legal services to provide legal services, and (4) an alleged conflict of interest between Plaintiff, Ashley County District Judge Shelby Harrod Jr., and Mrs. David Harrod. Plaintiff does not allege federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. Thus, none of the alleged "grounds for removal" give this court jurisdiction over the claims in this case. Plaintiff also failed to include a copy of all process, pleadings, and orders served upon the him with his Amended Notice of Removal. ECF No. 7.

Plaintiff's Notice of Removal (ECF No. 1) and Amended Notice of Removal (ECF No. 7) both failed to include short and plain statement of the grounds for removal giving this Court jurisdiction over the claims raised, and do not include a copy of all process, pleadings, and orders served upon the party as required by 28 U.S.C. § 1446(a).

**3. Conclusion**

I therefore recommend that this action be dismissed as the Plaintiff failed to properly remove this action from State court pursuant to and in compliance with 28 U.S.C. § 1446.

**Plaintiff has fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **8th day of September, 2010.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE